

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                          No. 4:16-CR-083-O

OSCAR PEREZ        (03)

### PLEA AGREEMENT WITH WAIVER OF APPEAL
### Pursuant to Rule 11(c)(1)(C)

Defendant Oscar Perez, the defendant's attorney, and the United States of America ("the government"), agree as follows:

1. **Rights of the defendant**: The defendant understands that he has the rights:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Indictment. Count One charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), that is, Conspiracy to Possess with Intent to Distribute Methamphetamine.

Plea Agreement - Page 1

The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.     **Sentence**: The maximum penalties the Court can impose include:

    a.     imprisonment for a period not less than five (5) years and not more than forty (40) years;

    b.     a fine not to exceed five million dollars ($5,000,000), or twice the pecuniary gain to the defendant or loss to the victim(s), or both such fine and imprisonment;

    c.     a term of supervised release of not less than four (4) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d.     a mandatory special assessment of $100;

    e.     forfeiture of property; and

    f.     costs of incarceration and supervision.

4.     **Sentencing agreement**: Pursuant to Rule 11(c)(1)(C), FED. R. CRIM. P., the parties agree that a term of imprisonment not to exceed 300 months is appropriate. The defendant reserves the right to request a sentence below 300 months. If the Court accepts this plea agreement, this provision is binding on the Court. Other than the agreed maximum term of imprisonment, the Court remains free to determine the sentence it deems appropriate, under the advisory United States Sentencing Guidelines.

5.    **Rejection of agreement**: Pursuant to Rule 11(c)(5), FED. R. CRIM. P., if the Court rejects this plea agreement, the defendant will be allowed to withdraw his guilty plea. If the defendant declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant fully understands that the actual sentence imposed (so long as it is within the above-described Sentencing Agreement) is solely in the discretion of the Court, and the defendant will not be allowed to withdraw his plea if his sentence is higher than expected.

7.    **Mandatory Special Assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

8.    **Defendant's Agreement**: Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

**Plea Agreement - Page 3**

9.    **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is he required to provide testimony concerning any other criminal offenses about which he has knowledge. If he chooses to do so, however, his testimony must be complete and truthful. Incomplete or dishonest testimony will be a breach of this agreement.

10.    **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.

11.    **Forfeiture of property**: The defendant agrees that the following property constitutes, or is derived from, proceeds he obtained, directly or indirectly, as a result of the Count One offense, and is subject to forfeiture in accordance with 21 U.S.C. § 853(a):

a.    Real property located at 9722 Oakwood Drive, Dallas, Texas 75217, including all building, appurtenances, and improvements located thereon;

b.    $16,621 in U.S. Currency (Asset ID # 16-DEA-620651);

c.    $21,044 in U.S. Currency (Asset ID # 16-DEA-620599); and

d.    $46,200 in U.S. Currency (Asset ID # 16-DEA-620610).

The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. The

defendant consents to entry of any orders or declarations of forfeiture regarding all

such property and waives any requirements (including notice of forfeiture) set out in

19 U.S.C. §§1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal

Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The

defendant agrees to provide truthful information and evidence necessary for the

government to forfeit such property. The defendant agrees to hold the government, its

officers, agents, and employees, harmless from any claims whatsoever in connection

with the seizure, forfeiture, storage, or disposal of such property.

12.     **Violation of agreement**: The defendant understands that if he violates

any provision of this agreement, or if his guilty plea is vacated or withdrawn, the

government will be free from any obligations of the agreement and free to prosecute

the defendant for all offenses of which it has knowledge. In such event, the defendant

waives any objections based upon delay in prosecution. If the plea is vacated or

withdrawn for any reason other than a finding that it was involuntary, the defendant

also waives objection to the use against his of any information or statements he has

provided to the government, and any resulting leads.

13.     **Voluntary plea**: This plea of guilty is freely and voluntarily made and is

not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what

sentence the Court will impose.

14.     **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15.     **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from his lawyer explanations satisfactory to his concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16.     **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any

other federal, state, or local prosecuting authorities, nor does it prohibit any civil or

administrative proceeding against the defendant or any property.

17.    **Entirety of agreement**: This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

AGREED TO AND SIGNED this _____ 31 _____ day of ___ May ___ 2016.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____                    _____
OSCAR PEREZ                                  CHRISTOPHER R. WOLFE
Defendant                                    Assistant United States Attorney
                                             801 Cherry Street, Unit #4
                                             Burnett Plaza, Suite 1700
                                             Fort Worth, TX   76102-6897
                                             Telephone:   817-252-5200
                                             Facsimile:   817-252-5455

_____                    _____
JIM SHAW                                     ALEX C. LEWIS
Attorney for Defendant                       Deputy Criminal Chief


        I have read (or had read to me) this Plea Agreement and have carefully
reviewed every part of it with my attorney. I fully understand it and voluntarily agree
to it.

_____                    _5-31-16_____
OSCAR PEREZ                                  Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

JIM SHAW
Attorney for Defendant

5-31-16

Date